# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL P. COTTON,

                              Petitioner,

v.

WARDEN SCOTT ECKSTEIN,

                              Respondent.

Case No. 17-CV-1103-JPS

**ORDER**

       On August 9, 2017, Michael Cotton ("Cotton") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his post-conviction proceedings in Wisconsin state court have been unreasonably delayed, in violation of his constitutional right to due process. (Docket #1). Cotton has paid the $5.00 filing fee, and so the Court now turns to screening his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

       Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

On August 31, 2012, Cotton was sentenced in Milwaukee County Circuit Court to serve thirty-five years in prison after a jury convicted him of four counts of first-degree sexual assault of a child.[1] He initiated his direct appeal of the conviction and sentence on September 11, 2012, by filing a notice of intent to pursue post-conviction relief. However, his appointed appellate counsel, having received the trial transcript by December 2012, neglected to file a motion for post-conviction relief or a notice of appeal for nearly two years. Cotton complained about the delay in several motions and grievances which he filed *pro se*, but they were summarily denied.

Counsel filed a two-page motion for post-conviction relief on November 3, 2014, raising issues regarding ineffective assistance of trial counsel. The trial court took almost a year to consider and deny the motion. Appellate counsel then withdrew from representing Cotton, and he faced months of difficulty collecting the trial record for his own review. He then filed his own supplemental motion for post-conviction relief, which the trial court promptly denied. He appealed the denial of post-conviction relief on June 17, 2016. His appeal was fully briefed in January 2017.

At the time Cotton filed his petition on August 9, 2017, the appeal had not been decided. However, according to publicly available Wisconsin court records, it appears that the Wisconsin Court of Appeals decided his appeal on August 29, 2017. The Court of Appeals affirmed Cotton's conviction and sentence.

---

[1] A search of the publicly available records of the Wisconsin courts reveals that this case is designated Milwaukee County Circuit Court Case No. 2011CF000071.

Cotton's petition is unlike many seen in this Court. He does not ask for review at this time of the substantive claims he has raised in the state court. (Docket #1 at 5). Indeed, he says that he expects a decision from the Wisconsin Court of Appeals shortly on those claims. *Id.* According to the state court records, he has now received that adjudication. Instead, Cotton desires to proceed apace in this Court on the claim that the delay in his state-court proceedings itself amounts to a due-process violation for which he can seek immediate habeas relief. *See Haas v. Jenkins*, No. 07C0480, 2008 WL 283056, at *1 (E.D. Wis. Jan. 31, 2008) (discussing nature of due-process claim based on delay in adjudicating state criminal appeal).

Normally, any claim presented to a district court in a Section 2254 petition must first be heard and decided by the state courts. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). Nevertheless, the Courts of Appeal agree that undue delay in post-conviction proceedings is open to immediate redress in federal court. *See Turner v. Bagley*, 401 F.3d 718, 724–25 (6th Cir. 2005); *Simmons v. Beyer*, 44 F.3d 1160, 1169-71 (3d Cir. 1995); *Harris v. Champion*, 15 F.3d 1538, 1558–59 (10th Cir. 1994); *Allen v. Duckworth*, 6 F.3d 458, 459–60 (7th Cir. 1993). Yet the Seventh Circuit has made clear that once a state appeal is decided, any potential due-process violation caused by delay alone vanishes. In *Allen*, the Court of Appeals explained:

> It is conceivable that delay in processing an imprisoned defendant's appeal might make his continued imprisonment unlawful, but once the delay ends with an appellate decision not claimed to be invalid by reason of delay, as in this case, any ground for ordering him released evaporates. The petitioner was duly convicted, and the conviction upheld, if belatedly, in an appellate decision not claimed to be infected

> by any error that would justify his release on habeas corpus.
> He should serve his time.

*Allen*, 6 F.3d at 459. Thus, because the present stage of Cotton's appeal has been decided, even if after substantial delay, he can no longer seek redress in this Court based on that delay. That claim must be dismissed.[2]

In his petition, Cotton sets forth in detail the substantive claims of ineffective assistance of trial counsel he raised in Wisconsin court. (Docket #1 at 2–3). Yet in the same breath he seems to say that he does not want the Court to consider those claims. *Id.* at 5. Whether or not he desires the Court to consider the substantive claims now that his appeal has been moved along, the Court notes that those claims are not yet fully exhausted.

As noted above, a district court generally may not address the merits of claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991); *Dressler*, 238 F.3d at 912. A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, the available court records make plain that Cotton has not fully exhausted his substantive claims. The Wisconsin Court of Appeals

---

[2]Whether some unreasonable delay of proceedings in the Wisconsin Supreme Court could give rise to a new due-process claim based on delay is not before the Court at this time. Nor could it be, as the State's highest court has not yet even been asked to review Cotton's case.

has passed on them only recently, and Cotton has not sought review in the Wisconsin Supreme Court. Until the Wisconsin Supreme Court decides his appeal or denies his application for review, the claims remain unexhausted. He may return to this Court, if he chooses, once the claims are fully exhausted. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000). For the time being, however, his petition must be dismissed.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Cotton must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In this case, no reasonable jurists could debate whether Cotton's due-process claim based on delay is moot or whether his substantive ineffective-assistance claims remain unexhausted. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Cotton may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied

party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *Id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** without prejudice for failure to exhaust state remedies; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge